STATESVILLE FILED
2003 JAN -2 PH 12:
U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:02CV111-V

| | |
|---|---|
| DIRECTV, Inc., <br>     Plaintiff, <br><br> vs. <br><br> BERNARD DAVIDSON, <br>     Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion for Entry of Default & Default Judgment, filed November 21, 2002.[1] (Documents #6,#7) Also before the Court is Defendant's Motion for Extension of Time to Answer, filed November 27, 2002. (Document #8)

Plaintiff makes its Motion for Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, which provides that:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

FED. R. CIV. P. 55(a). In support of its motion, Plaintiff contends that Defendant has not filed a responsive pleading or otherwise acted to defend the lawsuit. However, since the filing of Plaintiff's motions, Defendant Davidson, acting pro se, moved for an extension of time. According to the Defendant, he needs an extension in order to obtain legal representation and properly respond to the allegations in the Complaint. While untimely, the letter reveals that Defendant plans to contest the allegations within the Complaint, or otherwise attempt

---

[1] This matter has already been reviewed by the Clerk of Court. The Clerk declined to enter default and referred the matter to the undersigned.

to "prove [his] innocence." Because the Court cannot find that Defendant Davidson failed to file a responsive pleading or otherwise defend this action, Plaintiff's Motion for Entry of Default must be <u>denied</u>. Moreover, Plaintiff's Motion for Default Judgment is premature.

**IT IS, THEREFORE, ORDERED THAT:**

1) Plaintiff's Motion for Entry of Default is hereby **DENIED**;

2) Plaintiff's Motion for Default Judgment is hereby **DENIED**;

3) Defendant's Motion for Extension of Time is hereby **GRANTED**;

4) Defendant will have **thirty (30) days** from the date of this Order to obtain legal representation and file his Answer with the Court. (If Defendant is unsuccessful in obtaining counsel, Defendant is reminded of his obligation to serve a copy of his Answer on Plaintiff's counsel.); and

5) The Clerk of Court is directed to send Defendant a copy of the Pro Se Litigant Guide along with the copy of this Order.

THIS the 30th day of December, 2002.

RICHARD L. VOORHEES
UNITED STATES DISTRICT COURT

```
                                                            cbb
              United States District Court
                        for the
              Western District of North Carolina
                     January 2, 2003


              * * MAILING CERTIFICATE OF CLERK * *


Re:  5:02-cv-00111


True and correct copies of the attached were mailed by the clerk to the
following:

     Leslie C. O'Toole, Esq.
     Ellis & Winters, LLP
     P. O. Box 33550
     Raleigh, NC  27636

     Brian J. Schoolman, Esq.
     Ellis & Winters, LLP
     P. O. Box 33550
     Raleigh, NC  27636

     Bernard Davidson
     2603 East Broad Street
     Statesville, NC  28625


cc:
Judge                         ( )
Magistrate Judge              ( )
U.S. Marshal                  ( )
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Court Reporter                ( )
Courtroom Deputy              ( )
Orig-Security                 ( )
Bankruptcy Clerk's Ofc.       ( )
Other_____         ( )


                                        Frank G. Johns, Clerk
          Date: 1-2-03                   By: Carolyn B. Bouchard
                                              Deputy Clerk
```