IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:02CV111

DIRECTV, INC., )
 )
    Plaintiff, )
 )
vs. ) **MEMORANDUM AND ORDER**
 )
BERNARD DAVIDSON, )
 )
    Defendant. )
_____ )

**THIS MATTER** is before the Court on Plaintiff's "Motion to Dismiss Counterclaim" and "Memorandum in Support . . .," both filed April 7, 2003. Defendant did not file a Response and Plaintiff's Motion is now ripe for disposition.

Having considered the written arguments and applicable authority, for the below-stated reasons the Court <u>grants</u> Plaintiff's Motion to Dismiss Defendant's counterclaim.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff DIRECTV is a California-based company in the business of distributing satellite television broadcasts throughout the United States. (Compl. at ¶ 2.) Only individuals who pay DIRECT's fee, however, can access these broadcasts. (<u>Id.</u> at ¶ 3.) To prevent the unauthorized use of DIRECTV's broadcasts by individuals who have not paid for such services, DIRECTV uses encryption technology to digitally scramble the signal. (<u>Id.</u>) Once a customer pays a subscription fee, DIRECTV electronically unscrambles the satellite signal, allowing the customer to receive the programs communicated by satellite. (<u>Id.</u> at ¶ 4.) Despite the encryption used to protect DIRECTV's signal, however, many

1

individuals have developed equipment to surreptitiously pirate these signals. (Id. at ¶ 5.)

On December 11, 2001, DIRECTV executed Writs of Seizure upon a business called "USA CardCleaners." (Id. at ¶ 7.) USA CardCleaners' business enterprise focused on distributing electronic devices, primarily designed for the surreptitious interception of satellite communications broadcast by DIRECTV. (Id.) During its raid, DIRECTV obtained various business records that listed sales of illegal equipment to individuals. (Id. at ¶ 9.) According to USA CardCleaners' sales records, Defendant Davidson purchased a Pirate Access Device and, through use of this device, received DIRECTV's satellite programming without authorization. (Id. at ¶¶ 17, 18.)

In response to Defendant's illegal acts, Plaintiff filed its Complaint on September 16, 2002, alleging violations of federal and state law resulting from Defendant's surreptitious interception of DIRECTV's programming. Defendant did not timely file an Answer, so, on November 21, 2002, Plaintiff filed a Motion for Entry of Default and Default Judgment. On November 27, 2002, Defendant filed a Motion to Extend Time to Answer, which this Court granted on January 2, 2003. Also in the January 2nd Order, the Court denied Plaintiff's motion for default. Defendant, on March 11, 2003, filed a Motion to Set Aside Default and Default Judgment in conjunction with his Answer and Counterclaim. This Court, on April 10, 2003, denied as moot Defendant's Motion to Set Aside Default. Plaintiff now moves to dismiss Defendant's counterclaim, which alleges that Plaintiff engaged in unfair or deceptive acts or practices, in violation of N.C. Gen. Stat. § 75-1.1.

## II. DISCUSSION OF CLAIMS

Plaintiff urges the Court to dismiss Defendant's counterclaim on two grounds. First, Plaintiff argues that Defendant's counterclaim fails to state a claim for unfair or deceptive

2

trade practices under Section 75-1.1 of the North Carolina General Statutes. (Pl.'s Mem. in Supp. at 4.) Plaintiff also asserts that Defendant's counterclaim is barred under the First Amendment right to petition and the *Noerr-Pennington* doctrine. (Id.)

## A. Standard for Rule 12(b)(6) Motion to Dismiss

The purpose of a Rule 12(b)(6) motion is to test the adequacy of the pleading. It does not resolve arguments regarding the facts, merits of the claims or the possible defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must take the allegations in the pleading as true, and construe the facts alleged in the light most favorable to the non-moving party – in this case, the Defendant. See GE Investment Private Placement v. Parker, 247 F.3d 543, 548 (4th Cir. 2001). Dismissal may occur only if it appears beyond doubt that Defendant can prove no set of facts in support of his counterclaim that would entitle Defendant to relief. Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir. 1997). Dismissal is proper under Rule 12(b)(6) where the pleading fails to set out sufficient facts for a court to find that each element of a cause of action is present. See Commodity Futures Trading Comm'n v. IBS, Inc., 113 F. Supp. 2d 830, 842 (W.D.N.C. 2000), *aff'd*, 276 F.3d 187 (4th Cir. 2002).

## B. Unfair and Deceptive Trade Practices Claim

Plaintiff argues that Defendant's counterclaim fails to satisfy the pleading requirements for Section 75-1.1 in that: (1) Defendant failed to allege facts demonstrating that Plaintiff committed an unfair or deceptive act or practice, (2) Defendant is not a "consumer" within the scope of Section 75-1.1, and (3) Defendant offers no factual support

3

for the element of proximate causation.

The North Carolina statute for unfair and deceptive trade practices provides as follows: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. §75-1.1(a) (2003). To establish a *prima facie* claim for unfair practices, a claimant – here, Defendant – must show the following: (1) an unfair or deceptive act or practice, (2) which was in or affecting commerce, and (3) proximately caused injury to the claimant. Dalton v. Camp, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001). The unfair or deceptive acts claim requires that "[s]ome type of *egregious* or *aggravating* circumstances must be alleged and proved before the [Act's] provisions may [take effect]." Id. at 657, 548 S.E.2d at 711 (quoting Allied Distribs., Inc. v. Latrobe Brewing Co., 847 F. Supp. 376, 379 (E.D.N.C. 1993)).

In the instant case, Defendant's counterclaim lacks the factual allegations needed to establish a *prima facie* case under Section 75-1.1. First, Defendant has not alleged facts demonstrating that Plaintiff committed an unfair or deceptive act or practice. An act or practice is "unfair" if "it offends public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Walker v. Branch Banking & Trust Co., 133 N.C. App. 580, 583, 515 S.E.2d 727, 729 (1999). An act is "deceptive" if it has the capacity or tendency to deceive. Dalton, 353 N.C. at 656, 548 S.E.2d at 711. Defendant alleges that DIRECTV sent out demand letters to Defendant, then initiated this lawsuit when Defendant did not abide by the requests in the demand letter. Defendant maintains that these actions constitute unfair or deceptive acts or practices. (Def.'s Countercl. at ¶ 5.) In support of this allegation, Defendant asserts: (1)

4

Plaintiff has massive corporate resources, which it used to initiate litigation against Defendant and others in an attempt to obtain settlements; and (2) Plaintiff did not have actual proof of inappropriate conduct before initiating such litigation. (Id. at ¶ 6.) However, sending out private demand letters to inform the recipient that the company intends to protect its rights through litigation is not an egregious or aggravating circumstance. Moreover, Defendant does not allege he was deceived by such letter, nor are these demand letters immoral or substantially injurious. Therefore, Defendant has not met the required elements for a *prima facie* claim under Section 75-1.1.

Furthermore, beyond establishing the three elements of an unfair or deceptive act or practice, a claimant must also show that he has suffered actual injury as a proximate result of the alleged unfair or deceptive act. Walker, 133 N.C. App. at 585, 515 S.E.2d at 730. Defendant has failed to allege any proximate causation between Plaintiff's actions and an injury suffered by Defendant. Defendant merely claims, "[a]s a result of the unfair trade practices of the DIRECTV, defendant Davidson has been damaged in an amount to be proven at trial . . . ." (Def.'s Countercl. at ¶ 8.) However, while Defendant alleges that he received demand letters threatening litigation, Defendant never made any payments to Plaintiff to prevent litigation, and does not even argue that he took any act in detrimental reliance on Plaintiff's actions. Therefore, Defendant has not alleged sufficient facts to support a claim that Plaintiff's acts or practices were unfair or deceptive, nor has Defendant shown factual support for the element of proximate causation. Thus, Defendant' counterclaim must fail.

### C. *Noerr-Pennington* Protection

Even if Defendant had stated a claim for unfair or deceptive acts in his counterclaim,

5

the Court would still dismiss Defendant's claim under the *Noerr-Pennington* doctrine.[1] This doctrine immunizes litigation and other petitioning conduct – including demand letters – from liability. See e.g., Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., 508 U.S. 49, 51 (1993) (holding that the *Noerr-Pennington* doctrine immunizes the filing of lawsuits so long as the litigation is not a "sham"); McGuire Oil Co. v. Mapco, Inc., 958 F.2d 1552, 1560 (11th Cir. 1992) (immunizing demand letters from liability through the application of the *Noerr-Pennington* doctrine). The only limit to this immunity is if the lawsuit were "objectively baseless" and, thus, considered a "sham." Columbia Pictures Indus., 508 U.S. at 51. A lawsuit is objectively baseless if "no reasonable litigant could realistically expect success on the merits." Id. at 60.

In the instant case, Defendant does not allege that Plaintiff's demand letter was "objectively baseless." Defendant does not contend that no reasonable litigant could expect success on the merits, nor does he argue that the demand letter, or subsequent complaint, are without merit. Therefore, Plaintiff's actions of sending the demand letter and initiating this lawsuit through the filing of the complaint are immunized, and Defendant's counterclaim challenging Plaintiff's actions is barred as a matter of law.

### III. CONCLUSION

Defendant, in failing to allege sufficient facts of unfair or deceptive acts or practices by Plaintiff, and by failing to establish proximate cause, has not stated a claim upon which relief can be granted under Section 75-1.1. Moreover, there is no allegation that Plaintiff's

---

[1] The doctrine derives its name from two United States Supreme Court cases: Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961), and United Mine Workers v. Pennington, 381 U.S. 657 (1965).

demand letter or subsequent complaint are objectively baseless, and, thus, Plaintiff's lawsuit is immunized from attack.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Dismiss Counterclaim is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Counterclaim is hereby **DISMISSED WITH PREJUDICE**.

THIS the 30th day of May, 2003.

RICHARD L. VOORHEES
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
for the
Western District of North Carolina
June 3, 2003

* * MAILING CERTIFICATE OF CLERK * *

Re: 5:02-cv-00111

True and correct copies of the attached were mailed by the clerk to the following:

    Leslie C. O'Toole, Esq.
    Ellis & Winters, LLP
    P. O. Box 33550
    Raleigh, NC 27636

    Brian J. Schoolman, Esq.
    Ellis & Winters, LLP
    P. O. Box 33550
    Raleigh, NC 27636

    Andrew J. Wingo, Esq.
    Homesley, Parker & Wingo
    330 S. Main St.
    Mooresville, NC 28115

cc:
Judge ( )
Magistrate Judge ( )
U.S. Marshal ( )
Probation ( )
U.S. Attorney ( )
Atty. for Deft. ( )
Defendant ( )
Warden ( )
Bureau of Prisons ( )
Court Reporter ( )
Courtroom Deputy ( )
Orig-Security ( )
Bankruptcy Clerk's Ofc. ( )
Other_____ ( )

Date: 6-3-03

Frank G. Johns, Clerk
By: _Carolyn B. Bouchard_
    Deputy Clerk